UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-09806-CBM (SK) | Date: January 11, 2024 |
| Title     Josue Farfan v. Warden Madder | |

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

     Petitioner is a California state prisoner who seeks federal habeas relief from his 2016 convictions for first degree murder, kidnapping, and robbery. (ECF 1 at 2). On appeal, the California Court of Appeal affirmed petitioner's convictions and sentence of life without parole plus additional years. *See People v. Farfan*, 2018 WL 773993 (Cal. Ct. App. Feb. 8, 2018). The California Supreme Court denied review in May 2018 (Case No. S247495), and petitioner never sought state habeas relief (ECF 1 at 3). In May 2019, petitioner filed a petition for resentencing under California Penal Code § 1170.95 based on a modified felony-murder statute, which was denied. (Los Angeles Super. Ct. Case No. XSCTA136699-02). In September 2023, petitioner again filed a petition for resentencing under the same provision, now numbered § 1172.6, and proceedings are ongoing. (*Id.*; ECF 1 at 8). Meanwhile, on November 16, 2023, petitioner filed a petition here under 28 U.S.C. § 2254. (ECF 1). He raises three grounds for relief: (1) prosecutorial misconduct; (2) an evidentiary issue regarding a witness identification; and (3) changes in state law that merit resentencing. (*Id.* at 7-8). But as alleged, his petition is subject to summary dismissal for lack of exhaustion and untimeliness.

     *First*, petitioner has not exhausted (at least) one of his three claims in the petition as required by § 2254. A federal court cannot review a habeas petition unless all claims have first been exhausted—that is, presented to the California state courts through either a complete round of direct appeals or state habeas proceedings. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner admits that the trial court resentencing proceedings that form the basis of his third claim are still pending. (ECF 1 at 8). And public records show that he has not raised this claim in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09806-CBM (SK)                                      Date: January 11, 2024

Title         Josue Farfan v. Warden Madder

California Supreme Court, either on direct review or in a state habeas petition. To be clear, nothing in this order prevents petitioner from presenting his resentencing claim on direct appeal or in a round of state habeas petitions to the California state courts. But so long as his federal petition contains an unexhausted claim, it is subject to dismissal for lack of complete exhaustion as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

*Second*, even if petitioner exhausted his resentencing claim, his remaining claims appear facially untimely. To be timely, the petition must be filed within one year from the date on which the conviction became final unless tolling applies. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final in August 2018, 90 days after the California Supreme Court denied his petition for review. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). From then, petitioner had one year—until August 2019—to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). But because the petition here was not filed until November 2023, petitioner would have to establish equitable tolling or some other valid basis to render his prosecutorial misconduct and evidentiary claims timely. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010); *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012). Otherwise, such claims are time-barred.

For these reasons, petitioner is ORDERED TO SHOW CAUSE on or before **February 11, 2024** why the court should not dismiss the petition for failure to exhaust state court remedies and untimeliness. Petitioner may partially discharge this order by filing an amended petition that omits the unexhausted sentencing claim. *See Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013); *see also Rhines v. Weber*, 544 U.S. 269, 274–75 (2005) (mixed petition may be stayed upon request only with a showing of good cause, diligence, and existence of potentially meritorious federal habeas claim). But even then, petitioner must show that the exhausted claims are still otherwise timely to fully discharge this order. Otherwise, plaintiff may discharge this order by voluntarily dismissing the entire action using the attached Form CV-09y. Failure to respond to this order, however, may lead to involuntary dismissal for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.